# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JESSE J. ANDERSON,<br><br>                    Petitioner,<br>v.<br><br>BRIAN FOSTER,<br><br>                    Respondent. | Case No. 13-CV-256-JPS<br><br><br>ORDER |

      On March 6, 2013, petitioner Jesse J. Anderson ("Anderson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition, Anderson pled guilty to and was convicted of violations of: (1) possession of cocaine with intent to manufacture, distribute, or deliver; (2) two counts of possession of a firearm by a felon; (3) second degree reckless endangering of safety; and (4) felony bail jumping. The presiding court, Milwaukee County Circuit Court, sentenced Anderson to nineteen years of imprisonment and eleven years of extended supervision. Anderson is currently confined to the Kettle Moraine Correctional Institution in Glenbeulah, Wisconsin.

      In an order dated March 15, 2013, this Court concluded that Anderson's petition passed Rule 4 Screening, and thus set forth a briefing schedule to consider Anderson's petition on the merits. (Docket #6). Pursuant to that briefing schedule, Respondent filed a response to Anderson's petition on April 24, 2013. (Docket #13).

      Anderson's brief in support of his petition was to be due on June 24, 2013. On June 17, 2013, the court received a motion from Anderson, asking to stay his petition to allow him to pursue further relief in state court. (Docket #15). In support of his motion, Anderson cites *Rhines v. Weber*, 544 U.S. 269 (2005).

In *Rhines v. Weber*, the United States Supreme Court considered whether the federal district court has the discretion to stay a mixed petition, that is, a petition containing claims on which the petitioner exhausted state court remedies, and claims that remained unexhausted. The Court held that a district court has such discretion, reasoning that dismissal of a "timely but mixed petition" would likely mean that the petitioner would not have any federal review, because the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") barred consideration of petitions filed after a one-year period. *Rhines*, 544 U.S. at 275. The Court permitted federal review of such a "timely but mixed petition" by staying the petition and holding it in abeyance while the petitioner exhausts state remedies.

As Anderson readily acknowledges, the petition he filed with the court is not a mixed petition because it presented only claims for relief that Anderson had exhausted in the Wisconsin state court system. What Anderson really requests, then, is for the court to stay consideration of the claims he raised in his timely petition, and then to allow him to amend his petition after the Wisconsin state court system has weighed in on his newly-articulated claims for relief. As such, *Rhines v. Weber* does not control.

For the reasons explained below, Anderson's motion to stay will be denied. The Court concludes that it would be frivolous to grant the motion to stay because the Federal Rules of Civil Procedure preclude amendment of his petition in this instance.

As the United States Supreme Court explained in *Mayle v. Felix*, the Rules Governing Section 2254 Cases in the United States District Courts set forth a discrete set of Rules governing federal habeas petitions filed by state prisoners. 545 U.S. 644, 654 (2005). Habeas Corpus Rule 11 permits

application of the Federal Rules of Civil Procedure, "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." In *Mayle*, which raised a question of whether a habeas corpus petitioner could amend his petition, the Supreme Court acknowledged the application of Federal Rule of Civil Procedure 15 in the context of habeas corpus petitions. *Id.* at 655. Rule 15 provides that, before a responsive pleading is served, pleadings may be amended without leave of the court. However, in all other cases, the party may amend its pleading only with leave of the court. In assessing whether to grant leave, courts look to the provisions in Rule 15(c), which require that the amendment "relate back" to a timely-raised claim; that is, amendment is permitted when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. Pro. 15(c)(1)(B). In the context of a habeas corpus proceeding, the "conduct, transaction, or occurrence" test is read narrowly to mean that the amendment and the original petition must be "tied to a common core of operative facts." *Mayle*, 545 U.S. at 664.

In Anderson's case, a responsive pleading was served prior to his motion to stay. (Docket #13). Accordingly, the relation back principles in Rule 15(c) will control the court's analysis here. In his initial petition, Anderson presented four claims for relief. First, he challenged whether the procedure of summarily affirming appellate counsel's no-merit report violates due process. Second, he challenges whether his plea was knowing and intelligent. Third, Anderson challenges whether the plea procedure violated due process. And fourth, he claims ineffective assistance of trial counsel. As for his motion for a stay, Anderson attaches his state court post-conviction

motion, which seeks review of two instances of ineffective assistance of trial counsel.[1]

The relevant inquiry is whether the two ineffective assistance claims articulated in the post-conviction motion "are tied to a common core of operative facts"as those stated in the ineffective assistance of counsel claim raised in Anderson's petition. The fact that the ineffective assistance of counsel claims articulate violations of the Sixth Amendment is not sufficient. While the Seventh Circuit has not directly weighed in on this question, three federal Circuits have considered whether one claim of ineffective assistance of counsel relates back to another simply because they both state Sixth Amendment violations; these Circuits have all answered that question in the negative. *United States v. Gonzalez*, 592 F.3d 675 (5th Cir. 2009), *United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006), *United States v. Ciampi*, 419 F.3d 20 (1st Cir. 2005). As the Fifth Circuit explains, a court considering whether amendment is proper cannot rest on a common assertion of a Sixth Amendment violation, but rather *Mayle* requires a closer look into whether the new claim asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Gonzalez*, 592 F.3d at 680 (quoting *Mayle*, 545 U.S. at 650). Absent Seventh Circuit or Supreme Court authority, the Court will apply the rule as articulated in the First, Fifth, and Eighth Circuits.

The Court concludes that Anderson's petition, when compared with the claims articulated in the post-conviction motion, show that the ineffective assistance of counsel claims "differ in both time and type," and, therefore, the

---

[1]The attached post-conviction motion lists four issues, but a closer look reveals that two are state-law procedural arguments applicable only to the post-conviction motion.

claims from the post-conviction motion do not relate back to the claims raised in his initial petition. In his petition, Anderson states his Ineffective Assistance of Counsel Claim by referring the court to pages 22-31 of his addendum. Those pages of the addendum proceed in the style of a list, and lack a cohesive presentation of argument. However, Anderson offers several consecutive phrases that seem to assert an ineffective assistance claim based on the claim that "the Sentencing Judge should have been presented with substantial mitigation factors." Then, after quoting several legal standards, Anderson states "there was a reasonably probable chance that had Judge Kevin Marten been made aware of the magnitude of Mr. Anderson's cooperation with M.P.D., there would have been an assignment of credit to Mr. Anderson's sentencing cause." Taken together, the court concludes that Anderson's petition states a claim of ineffective assistance of counsel only on the ground that counsel failed to present evidence of Mr. Anderson's cooperation with the police department at sentencing. This reading comports with the no-merit report, which considers only this ground for ineffective assistance of counsel. The Wisconsin Court of Appeals also considered this, and only this, ground for ineffective assistance of counsel. (Docket 13-3 at 3).

In the post-conviction motion attached to Anderson's motion to stay, Anderson argues that trial counsel was insufficient for failing to object to the prosecutor's sentencing recommendation, and for failing to object to the State's misrepresentation of facts at sentencing. These two grounds are unrelated to Anderson's argument regarding whether counsel should have informed the sentencing judge about his cooperation because they address completely distinct actions of counsel and completely distinct factors of sentencing. As such, the court concludes that the claims articulated in the post-conviction motion do not relate back for purposes of Rule 15(c) of the

Federal Rules of Civil Procedure. The Court will not stay Anderson's petition because such a stay would be futile; Anderson would not be able to amend his petition to include his two new arguments. Federal review will be limited to the four grounds articulated in Anderson's timely petition.

Pursuant to the briefing schedule entered for this case, Anderson's supporting brief was to be filed 60 days after service of the State's answer, or June 24, 2013. Anderson's motion to stay, filed the week prior, was still pending as of this deadline. Accordingly, the court extends Anderson's deadline, and Anderson's supporting brief is now due 10 days from the date of this Order.

Accordingly,

IT IS ORDERED that Petitioner's Motion to Stay Petition and Place in Abeyance (Docket #15) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Petitioner shall file a supporting brief on or before 10 days from the date of this Order.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge