UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE J. ANDERSON,

              Petitioner,

v.

BRIAN FOSTER,

              Respondent.

Case No. 13-CV-256-JPS

ORDER

On March 6, 2013, petitioner Jesse J. Anderson ("Anderson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). In an order dated March 15, 2013, this court concluded that Anderson's petition passed Rule 4 Screening, and thus set forth a briefing schedule to consider Anderson's petition on the merits. (Docket #6). Pursuant to that briefing schedule, Respondent filed a response to Anderson's petition on April 24, 2013. (Docket #13). Anderson then filed a motion asking the court to stay his petition to allow him to pursue further relief in state court. (Docket #15). This court denied Anderson's motion, concluding that staying the petition would be futile because Anderson would not be able to amend his petition after state review. (Docket #17). Anderson filed what the court construed as a motion for reconsideration; such motion was denied. (Dockets #19, #20). This order addresses Anderson's two pending motions: a motion to permit an interlocutory appeal to the Seventh Circuit, and a motion to appoint counsel. (Dockets #21, #22). As explained below, the motions will be denied.

Anderson seeks review of this court's conclusion that a stay is futile in his case. The court reasoned that a stay is futile because his newly-articulated claims from his post-conviction motion do not relate back to the timely-raised claims of ineffective assistance of counsel in his petition. The analysis with which Anderson takes issue is the following:

The relevant inquiry is whether the two ineffective assistance claims articulated in the post-conviction motion "are tied to a common core of operative facts" as those stated in the ineffective assistance of counsel claim raised in Anderson's petition. The fact that the ineffective assistance of counsel claims articulate violations of the Sixth Amendment is not sufficient. While the Seventh Circuit has not directly weighed in on this question, three federal Circuits have considered whether one claim of ineffective assistance of counsel relates back to another simply because they both state Sixth Amendment violations; these Circuits have all answered that question in the negative. *United States v. Gonzalez*, 592 F.3d 675 (5th Cir. 2009), *United States v. Hernandez*, 436 F.3d 851 (8th Cir. 2006), *United States v. Ciampi*, 419 F.3d 20 (1st Cir. 2005). As the Fifth Circuit explains, a court considering whether amendment is proper cannot rest on a common assertion of a Sixth Amendment violation, but rather *Mayle* requires a closer look into whether the new claim asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Gonzalez*, 592 F.3d at 680 (quoting *Mayle*, 545 U.S. at 650). Absent Seventh Circuit or Supreme Court authority, the Court will apply the rule as articulated in the First, Fifth, and Eighth Circuits.

The Court concludes that Anderson's petition, when compared with the claims articulated in the post-conviction motion, show that the ineffective assistance of counsel claims "differ in both time and type," and, therefore, the claims from the post-conviction motion do not relate back to the claims raised in his initial petition. […][T]he court concludes that Anderson's petition states a claim of ineffective assistance of counsel only on the ground that counsel failed to present evidence of Mr. Anderson's cooperation with the police department at sentencing.

In the post-conviction motion attached to Anderson's motion to stay, Anderson argues that trial counsel was insufficient for failing to object to the prosecutor's sentencing recommendation, and for failing to object to the State's misrepresentation of facts at sentencing. These two grounds

> are unrelated to Anderson's argument regarding whether counsel should have informed the sentencing judge about his cooperation because they address completely distinct actions of counsel and completely distinct factors of sentencing.

*Anderson v. Foster*, No. 13-CV-256 (E.D. Wis. June 25, 2013) (order denying motion to stay).

Anderson seeks permission to take an interlocutory appeal of this analysis to the Seventh Circuit, citing 28 U.S.C. § 1292 as authority. Subsection (b) of that statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292 (b). The Seventh Circuit has interpreted this statutory provision as requiring the following five criteria to be satisfied before a district court may certify a non-final order for appellate review: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation…and the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000) (emphasis in original).

Page 3 of 6
Case 2:13-cv-00256-JPS   Filed 08/27/13   Page 3 of 6   Document 24

The court concludes that Anderson cannot show at least one criteria of the test articulated in *Ahrenholz*; he cannot show that the relation-back analysis is contestable. Anderson argues that "[t]he issue is contestable since the Seventh Circuit has not weighed in on the Fifth Circuit *Gonzales* issue." However, the mere fact that the Seventh Circuit has not directly decided a question of law is not sufficient to make that question of law contestable for purposes of the *Ahrenholz* test. On this point, the court agrees with the persuasive analysis of its colleague, Judge Sarah Evans Barker from the Southern District of Indiana. In an order considering an identical argument, Judge Barker explained:

> Defendants also suggest that there is substantial ground for difference of opinion whenever "there is no Seventh Circuit or Supreme Court case that clearly controls the outcome of the…issue in this case." However, "the mere lack of judicial precedent on the issue does not establish substantial ground for difference of opinion." *In re Demert & Dougherty, Inc.*, 2001 WL 1539063, at *6 (N.D. Ill. 2001). Indeed, if interlocutory appeals were permissible whenever there is merely the lack of judicial precedent, the effect would be no more than to obtain an appellate stamp of approval on the ruling(s) by the trial court.

*In re Bridgestone/Firestone, Inc. Tires Products Liab. Litig.*, 212 F. Supp. 2d 903, 909 (S.D. Ind. 2002) (record citations omitted). As Judge Barker went on to explain, the relevant question is not whether there exists controlling judicial precedent, but rather whether "other courts have adopted conflicting positions regarding the issue of law proposed for certification." *Id.* at 909-10. Anderson cites no authority from other courts taking a conflicting view on the relation back analysis. Having concluded that Anderson cannot show that the court's ruling was contestable, the court is constrained to deny Anderson's motion to certify an interlocutory appeal of that ruling.

Also pending before the court is Anderson's second motion for appointment of counsel. A state prisoner pursuing federal habeas corpus relief is entitled to appointed counsel when he is sentenced to death, which Anderson is not. *See* 18 U.S.C. § 3599; *McFarland v. Scott*, 512 U.S. 849, 855 (1994). The court may, at its discretion, undertake recruitment of pro bono counsel in a civil case where the circumstances warrant it. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The court must assess, as a "threshold question," whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been precluded from doing so. *Id.* If the court answers the threshold question in the affirmative, then the court must determine, "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.*

First, the court assesses whether the Anderson has made a "reasonable attempt to obtain counsel." On this point, Anderson avers that he asked the Wisconsin State Public Defender to appoint counsel in his Wisconsin state post-conviction motion, and that he sought assistance from two local counsel. The court concludes that this does not constitute a "reasonable attempt to obtain counsel." First, that Anderson sought assistance with another proceeding in another court is irrelevant to the inquiry of whether he reasonably attempted to obtain counsel in this proceeding. That leaves Anderson's averment that he contacted two local counsel. Anderson does not explicitly state that he sought their assistance in this federal habeas matter, but even if the court assumes that he did, the attempt to contact two attorneys does not constitute a "reasonable attempt." *See Sperow v. Shah*, 2010 WL 3996841 at *1 (S.D. Ill. Sept. 12, 2012) (noting that a plaintiff requesting counsel contacted one law firm, and denying his request for recruitment of counsel because his "minimal effort does not demonstrate a reasonable

attempt by Plaintiff to obtain counsel on his own....") Because the court finds that Anderson did not make a reasonable attempt to obtain counsel, the court is constrained to deny his motion for recruitment of counsel. *Pruitt*, 503 F.3d at 655.

The briefing schedule established for this case has been modified several times to account for Petitioner's motions, and the most recent deadline for his brief in support has again passed. The court extends Anderson's deadline, and his supporting brief is now due 10 days from the date of this Order.

Accordingly,

IT IS ORDERED that Petitioner's motion for certification of an interlocutory appeal to the Seventh Circuit (Docket #21) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Petitioner's second motion for appointment of counsel (Docket #22) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Petitioner shall file a supporting brief on or before 10 days from the date of this Order.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 6 of 6
Case 2:13-cv-00256-JPS   Filed 08/27/13   Page 6 of 6   Document 24