# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE J. ANDERSON,

     Petitioner,

v.

TIMOTHY DOUMA,[1]

     Respondent.

Case No. 13-CV-256-JPS

ORDER

    On March 6, 2013, petitioner Jesse J. Anderson ("Anderson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). In an order dated March 15, 2013, this court concluded that Anderson's petition passed Rule 4 Screening, and thus set forth a briefing schedule to consider Anderson's petition on the merits. (Docket #6). Pursuant to that briefing schedule, Respondent filed a response to Anderson's petition on April 24, 2013. (Docket #13). Anderson then filed a motion asking the court to stay his petition to allow him to pursue further relief in state court. (Docket #15). This court denied Anderson's motion, concluding that staying the petition would be futile because Anderson would not be able to amend his petition after state review. (Docket #17). Anderson filed what the court construed as a motion for reconsideration; such motion was denied. (Dockets #19, #20). Next, Anderson filed a motion to permit an interlocutory appeal to the Seventh Circuit, and a motion to appoint counsel. (Dockets #21, #22). The court denied both motions. (Docket #24). The matter comes before the court

---

  [1]Since filing his petition, Anderson has been transferred to the New Lisbon Correctional Institution ("NLCI"). (Docket #37). The caption of this case is hereby corrected to reflect the warden of NLCI, the proper respondent in this case. *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

for adjudication of the petition on the merits.[2] After careful consideration, the court concludes that Anderson is not entitled to relief and, therefore, will deny Anderson's petition.

1. Facts

    1.1 Trial Court Proceedings

On March 27, 2008, the State of Wisconsin charged Anderson in Milwaukee County Circuit Court Case Number 08CF1591 with one count of possession of cocaine with intent to deliver, one count of possession of THC with intent to deliver, and one count of possession of a firearm by a felon. Attorney John Forrestal ("Forrestal") was appointed to represent Anderson. Shortly after his arrest, Anderson gave information to Milwaukee Police Officer Michael Lopez ("Lopez"), in consideration for possible reduction of his sentence. The information led to criminal charges against one or two others. Lopez told Anderson it would be up to the District Attorney to determine how much of a sentence reduction Anderson would receive, and also that if Anderson got in trouble again, Lopez could not help him. Anderson waived his preliminary hearing, pleaded not guilty to the charges, and was released from custody on April 9, 2008.

On May 23, 2008, the State charged Anderson in Milwaukee County Circuit Court Case Number 08CF2616 with one count of second-degree recklessly endangering safety while armed, one count of possession of a firearm by a felon, and one count of bail jumping, for shooting a man in West

---

[2]Petitioner has also filed a third motion to appoint counsel and a second request for a stay. (Dockets #26, #33). The court herewith denies petitioner's motions, on the same reasoning as it denied petitioner's previous motions to the same effect, and as explained in the court's previous orders. (Dockets #14, #17, #20).

Allis on May 20, 2008. Anderson waived his preliminary hearing and pleaded not guilty.

The state and Forrestal presented a negotiated plea agreement, resolving claims in both cases, to the Circuit Court on July 15, 2008. By the terms of the plea agreement, Anderson agreed to plead guilty to: one count of possession of cocaine with intent to deliver, second or subsequent offense; two counts of possession of a firearm by a felon; one count of second-degree recklessly endangering safety by use of a dangerous weapon; and one count of felony bail jumping. The agreement provided that both sides would be free to argue regarding an appropriate sentence at sentencing. Anderson signed a plea questionnaire form that listed the terms, and pleaded guilty to the above-stated charges.

At sentencing on October 7, 2007, the parties affirmed that they were both free to make their recommendations regarding sentencing. The state recommended a total of nineteen years of initial confinement and twelve years of extended supervision. Forrestal recommended a range of six to eight years of initial confinement with ten to twelve years of extended supervision. Neither party mentioned Anderson's cooperation with police in their sentencing recommendations. The judge sentenced Anderson to a total of thirty years of imprisonment, consisting of nineteen years of initial confinement and eleven years of extended supervision.

Anderson, through newly appointed counsel Paul Bonneson ("Bonneson"), filed a motion for sentence modification on the grounds that Forrestal was ineffective for not informing the court about Anderson's cooperation at sentencing. On May 6, 2010, the Circuit Court held a hearing at which Lopez and Forrestal testified. Lopez testified about Anderson's assistance. Forrestal testified that he knew of Anderson's assistance but did

not mention it at sentencing due to an "oversight on my part." The Circuit Court denied Anderson's motion, finding that cooperation was not a new factor because the parties knew about it when they negotiated their plea agreement and at sentencing. The court also found that Anderson was not prejudiced by counsel's failure to raise the issue because the court would not have imposed a lower sentence, due to the fact that Anderson had committed a new and more serious crime after his assistance.

1.2     Appellate Court Proceedings

Bonneson filed a no-merit report in the Wisconsin Court of Appeals. Anderson did not file a response. The Court of Appeals accepted the report, affirmed Anderson's convictions, and discharged Bonneson from further representation.

Anderson then filed a *pro se* petition for review in the Wisconsin Supreme Court, arguing: (1) the Court of Appeals denied him due process by accepting the no-merit report; (2) his pleas were not knowingly, voluntarily, and intelligently made; and (3) the trial court erred in not modifying or reducing his sentence. The Wisconsin Supreme Court denied review on May 24, 2011.

1.3     Habeas Proceedings

Anderson next filed a petition for writ of habeas corpus in the Wisconsin State Court. In his petition, Anderson alleged that Bonneson was ineffective in failing to raise two issues on direct appeal: (1) that the State violated the plea agreement by not making the agreed-upon sentencing recommendation; and (2) that Anderson did not knowingly enter his plea on the count of second-degree recklessly endangering safety because the circuit court did not ensure Anderson understood the crime's elements. On

September 25, 2012, the Court of Appeals denied Anderson's petition *ex parte*. Anderson did not petition the Supreme Court for review.

This federal habeas corpus petition followed.

2.  Legal Standards Governing Federal Habeas Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under § 2254(d), if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented.

The Seventh Circuit has explained the applicable legal standards under the AEDPA as follows:

> [A] state court decision is contrary to federal law if the state court either incorrectly laid out governing Supreme Court precedent, or, having identified the correct rule of law, decided a case differently than a materially factually indistinguishable Supreme Court case. *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir.2004), cert. denied, --- U.S. -----, 125 S.Ct. 1399, 161 L.Ed.2d 193 (2005). An unreasonable application of Supreme Court precedent occurs when the state court identifies the correct governing legal rule…but unreasonably applies it to the facts of the particular state prisoner's case or if the state court either unreasonably extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Dixon v. Snyder*, 266 F.3d 693, 700 (7th Cir.2001) (*quoting Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Clearly established Supreme Court precedent is the holdings, as opposed to the dicta, of the [Supreme] Court's decisions as of the time of the relevant

> state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71, 123
> S.Ct. 1166, 155 L.Ed.2d 144 (2003).

*Muth v. Frank*, 412 F.3d 808, 813-14 (7th Cir. 2005) (quotation marks omitted).

3. Anderson's Claims

Anderson's petition raises four claims: (1) the Wisconsin Court of Appeals violated due process by denying him a direct appeal and affirming his convictions in a no-merit proceeding; (2) the state violated the plea agreement by not recommending the sentences it agreed to recommend; (3) the Circuit Court violated Anderson's due process rights when it denied his sentence modification, and Forrestal was ineffective in failing to inform the Circuit Court about his assistance to police; and (4) Bonneson was ineffective on appeal. The court now considers each claim, but in a different order than Anderson presents them, for clarity of analysis.

    3.1    Anderson Has Not Shown that the State Breached the Plea Agreement.

Anderson argues that the State breached its plea agreement by recommending a longer term of imprisonment than the parties had negotiated. According to Anderson, the parties agreed that the State would recommend a total of nine years' imprisonment. Respondent argues that Anderson's claim fails because there is no evidence that the plea agreement required the State to make any specific recommendation.

Whether the plea agreement required the State to recommend a specific term of imprisonment seeks to articulate a term of a plea agreement and is, therefore, a question of fact. *United States v. Williams*, 198 F.3d 988, 992 (7th Cir. 1999). The Wisconsin Court of Appeals found "Anderson did not enter a plea agreement in which the State agreed to make a specific recommendation." Instead, the Court found that the plea agreement

memorialized that counsel would be free to argue regarding an appropriate sentence. The court further found that the "free-to-argue" term was memorialized on both plea agreement forms, which Anderson signed. And, the court specifically noted that during the sentencing hearing, the sentencing court asked "And Mr. Anderson, is it your understanding that both sides essentially can make whatever recommendation they see fit to the court?" Anderson answered, "Yes."

To be entitled to relief on his claim, Anderson must show by clear and convincing evidence that the court's determination was unreasonable. 28 U.S.C. § 2244(d)(2). Anderson's only evidence that the plea agreement required the State to argue for a nine-year sentence is his own affidavit. The court finds that Anderson has failed to show by clear and convincing evidence that the Wisconsin Court of Appeals erred in finding that the plea agreement did not require the State to recommend a specific term of imprisonment. Anderson's affidavit simply does not carry sufficient weight to counterbalance the evidence cited by the Court of Appeals, and summarized above, that the plea agreement contemplated that the parties would be free to argue whatever term of imprisonment they saw fit. Accordingly, the court finds that Anderson has not carried his burden, and will not grant Anderson relief on this claim.

### 3.2 The Circuit Court Did Not Violate Anderson's Due Process Rights By Denying His Sentence Modification.

Anderson's third claim for relief argues that the trial court violated his due process rights when it denied his sentence modification because the court did not consider Anderson's cooperation in reaching its sentence, and because the court inaccurately described Anderson's endangering safety conviction as "aggravated." Finally, Anderson argues that he suffered

ineffective assistance of trial counsel, because counsel did not correct these two errors on the record at the time of sentencing.

As respondent shows, Anderson cannot prevail on these claims because the record shows that any error was harmless. The trial court held a hearing on Anderson's post-conviction motion for modification and reduction of sentence. At the hearing, the court took evidence regarding Anderson's cooperation and regarding Forrestal's performance. In the end, the trial court concluded that Anderson had not been prejudiced by the omission of the information regarding cooperation at sentencing. As the court explained, this information was not "going to change what the sentence is going to be given the fact that the defendant's released, given the privilege of being out in the community, and comes back with an extremely serious offense." Which is to say: even had the sentencing judge known about Anderson's cooperation, the sentence would have been the same. Thus, Anderson cannot show that the omission caused any injury, which he must show to prevail on both the due process argument and the ineffective assistance argument. *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (dismissing a habeas petition's due process claim because petitioner "suffered no prejudice as a result of the delays, so any conceivable due process violation was harmless") (citation omitted); *Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.") (citations omitted).

Finally, Anderson argues entitlement to relief because the sentencing court wrongly characterized his second offense as "aggravated." Anderson offers the same due process and ineffective assistance arguments in support of his claim for relief. Respondent directs the court to *United States v. Turner*,

a case very helpful to the court's analysis. There, the Seventh Circuit drew a distinction between a dispute about the facts of an offense, and a dispute about the characterization of the facts of an offense. *United States v. Turner*, 864 F.2d 1394, 1400 (7th Cir. 1989). As the court explained, the fact that different judges may characterize facts differently does not rise to the level of inaccurate information that warrants resentencing. *Id.* So, too, in Anderson's case. That the trial court (allegedly inaccurately) characterized Anderson's second offense as "aggravated" does not prove a due process violation, nor does his trial counsel's failure to correct the characterization evince ineffective assistance.

    3.3    Anderson's Appellate Counsel Was Not Ineffective, and the Court of Appeals Did Not Violate Anderson's Due Process Rights in Affirming His Convictions in a No-Merit Proceeding.

Anderson's remaining two claims may be analyzed together because they fail on the same basis. Anderson claims that the Wisconsin Court of Appeals violated his due process rights by affirming his convictions based upon his counsel's no-merit report, and that he was denied effective assistance of counsel in his first appeal. On the first part of his claim, Anderson argues that "if this Court deems petitioner's constitutional claims raised [in his petition to be] meritorious, his right to due process in the no-merit proceedings was violated." Similarly, regarding the ineffective assistance of appellate counsel claim, Anderson argues: "Should this Court find any of the issues raised herein meritorious and that Anderson is entitled to relief[,] it would follow [that] appellate counsel's performance was deficient and that Anderson was prejudiced by said deficient performance."

These claims both fail, for the two reasons articulated by respondent. First, Anderson has not meaningfully developed his claims, and accordingly

the court need not consider them. The Seventh Circuit has held that: "Arguments not developed in any meaningful way are waived." *Central States, Southeast & Southwest Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808 (7th Cir. 1999). Anderson does not cite any case law in support of his arguments and, indeed, he frames these claims in such a way that he is unlikely to find any. This is because Anderson's claims are stated such that they both rely on a condition precedent, namely that this court determine that Anderson is entitled to relief on his other arguments. As he states, if the court agrees that he is entitled to relief on his other claims, then the court must also agree that his rights to due process and effective assistance of counsel must have also been implicated. As a matter of logic, the court cannot agree. But the court also need not engage in any further analysis of these claims because the condition Anderson relies on has not happened. As explained above, the court does not agree that Anderson is entitled to any relief due to any error during his no-merit review. Therefore, Anderson is also not entitled to relief for due process or ineffective assistance claims predicated on a faulty no-merit review.

For all of the above-stated reasons, the court finds that Anderson is not entitled to the relief he seeks. Accordingly, his petition for writ of habeas corpus will be denied.

4. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present matter. As a consequence, the court must deny a certificate of appealability as to Anderson's petition.

Accordingly,

IT IS ORDERED that petitioner's third motion to appoint counsel (Docket #26) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that petitioner's second motion for a stay (Docket #33) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Anderson's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge